OPINION
Defendant-appellant, Gloria J. Brightman, appeals from a judgment of $10,000, plus interest and costs, in favor of plaintiff-appellee, Carl P. Gulla, following a bench trial in the Garfield Heights Municipal Court. The trial record contains an agreed statement as the record pursuant to App.R. 9 (D) prepared by the parties' counsel and approved by the trial court.
The within complaint was filed by the appellee in Garfield Heights Municipal Court on February 17, 1997. On May 23, 1997, the appellant filed an answer and counterclaim to the complaint. The appellant was not a resident of Garfield Heights or any city within the territorial boundaries of the Garfield Heights Municipal Court during the time period relevant to this case. Service was obtained upon the appellant at residence. The appellee, who is a licensed professional engineer and surveyor, maintained his business office in Mayfield Heights. The appellee alleged in his complaint that the appellant hired him to design plans for a dental office to be situated on a plot of undeveloped land in Garfield Heights that was owned by the appellant. The dental office was intended by the appellant for the use of her daughter, Dr. Brenda Brightman, who had recently graduated from dental school.
Although the appellant denied at trial that she had ever entered into a contract with the appellee, she did admit at trial to paying him the sum of $4,500 as a retainer for his services, and to being present at all meetings with the appellee concerning the progress of the project.
Following a one-day bench trial on October 17, 1997, the trial court denied a pending motion to dismiss for lack of subject matter jurisdiction that had been filed by the appellant; found that a contract had existed between the parties, and that the contract hadd been breached by the appellant; and found in favor of the appellee on his complaint for the full prayer amount of $10,000, plus interests and costs. The trial court's judgment entry states in pertinent part:
 From the evidence the court finds that the plaintiff entered into a contract with the defendant as claimed. Further that pursuant to said contract plaintiff performed professional engineering and designing services for the development of a dental office in the city of Garfield Heights.
The trial court also found in favor of the appellee on the appellant's counterclaim. This appeal was thereafter timely commenced setting forth three assignments of error.
The appellant's first assignment of error states:
 I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO R.C. 1901.19.
The appellant contends in her first assignment of error that the trial court lacked subject matter jurisdiction and that, therefore, the trial court erred by not granting her motion to dismiss. The appellant asserts that because she was a resident of East Cleveland (which is not within the jurisdictional limits of the Garfield Heights Municipal Court) and because the appellee's place of business was not within the jurisdictional boundaries of the Garfield Heights Municipal Court, the court was without jurisdiction to entertain appellee's complaint. The appellant's brief does not address the issue of where the subject matter of the action was located at the time that the case was filed, but rather focuses entirely on her contention that subject matter jurisdiction was necessarily improper because the appellant did not live, nor was she served, within the territorial boundaries of the Garfield Heights Municipal Court.
Initially, it should be noted that in the agreed statement as the record, the appellant admits that she was the owner of the real estate that is the "subject matter of this action, located in Garfield Heights," and that she hired the appellee to perform surveying services "on the subject real estate." (Emphasis added.)
R.C. 1901.19(A)(4), which was applicable at the time this case was filed, provided that a municipal court had jurisdiction within its territory as follows:
 In any civil action or proceeding at law in which the subject matter of the action or proceeding is located within the territory or when the defendant or any of the defendants resides or is served with summons within the territory.[1]
Thus, this court must determine whether the "subject matter" of the instant case was located within the territory of the Garfield Heights Municipal Court.
The appellee provided testimony at trial that he performed valuable engineering and surveying services for the appellant at the Garfield Heights site where the dental building was to be located. The appellee did not merely draw up some blueprints for a generic dental building from his office in Mayfield Heights, but rather was required to perform hands-on professional design services for the appellant at the Garfield Heights site. For example, the appellee testified that one of the reasons that the cost estimates provided to the appellee were higher than originally anticipated was because of unforeseen soil conditions which would have made the construction of a structure on the site more expensive than had been originally believed.
The subject matter of the within action was the performance of engineering and surveying services by the appellee in Garfield Heights, on real property owned by the appellant, for which the appellant refused to compensate the appellee per the terms of the contract entered into between the parties. There is simply no way that this court can distinguish the contract entered into between the parties from the work performed, pursuant to the contract, for the purposes of determining whether the subject matter of this action was located within the territory of the Garfield Heights Municipal Court. Certainly, if the appellee had employed his professional expertise to construct a structure on the Garfield Heights site rather than to perform engineering and surveying services, there would be no dispute that the property owned by the appellant was subject matter of the action, regardless of where the appellant resided or where the appellee maintained his place of business.
Because the trial court properly determined that the subject matter of this action was the land owned by the appellant in Garfield Heights, the appellant's first assignment of error is not well taken.
The appellant's second assignment of error states as follows:
 II. THE MUNICIPAL COURT ERRED IN ALLOWING A WITNESS TO TESTIFY ABOUT AN ALLEGED PRIOR ACT OF THE APPELLANT IN VIOLATION OF OHIO RULE OF EVIDENCE 404 (B).
The appellant objects to the testimony of Robert Porter at trial, wherein he stated that he had previously been engaged by the appellant to perform work similar to that performed by the appellee on the same property located in Garfield Heights and that the appellant had refused to pay him for his services.[2] Additionally, Porter testified that the appellant had also informed him that the building was to be used by her daughter for her budding dental practice. The purpose of Porter's testimony was purportedly to impeach the appellant's testimony that she had not contracted with the appellee for the surveying and engineering services, in question. If the fact-finder were to find that the appellant had previously personally contracted with a professional for the design of a dental building on land owned by the appellant, it may have made it more likely that it was the appellant who contracted with the appellee in this case, and not her daughter or some phantom third party. The appellant alleges that the testimony was used for the purpose of introducing evidence of other crimes, wrongs, or acts in violation of Evid.R. 404 (B). Evid.R. 404 (B) states that:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however be admissible for other purposes, such as proof or motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
"Relevant evidence" is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Evid.R. 401. It is well established that the addition, admission, or exclusion of evidence is a matter committed to the sound discretion of the trial court. O'Brien v.Angley(1980), 63 Ohio St.2d 159, 163, 407 N.E.2d 490. Consequently, for the admission or exclusion of certain evidence to be overturned on appeal, there must be a showing that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. State v. Davis(1988), 49 Ohio App.3d 109; State v. Adams
(1982), 62 Ohio St.2d 151.
In the case sub judice, a review of the record fails to demonstrate that the trial court's decision to permit the testimony of Porter as to his past dealings with the appellant constituted prejudicial error. The testimony of Porter as to his prior dealings with the appellant tended to make it more likely that the appellee was telling the truth when he testified that the parties in this case entered into a contract for the performance of surveying and engineering services. Thus, the testimony was clearly admissible for the purpose of showing the intent, plan, or absence of mistake on the part of the appellant.
The appellant's second assignment of error is overruled.
The appellant's third assignment of error states:
 III. THE MUNICIPAL COURT'S FINDING THAT A CONTRACT EXISTED BETWEEN THE APPELLEE AND THE APPELLANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
The agreed statement as the record states that the appellee testified that he was hired by the appellant to perform surveying services, that he performed such services, and that the appellant failed to compensate him for the services despite repeated demands for payment. Additionally, at trial, the appellant admitted that she had paid the appellee a $4,500 retainer, that she was present at all meetings concerning the proposed design of the dental building, and that she received from the appellee a proposal for engineering services, despite initially lying at trial about receiving the proposal.
Article IV, Section 3(B)(3) of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact-finder. Thus, when a claim is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and the duty to weigh the evidence and determine whether the findings of * * * the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial." State ex rel. Squire v. City off Cleveland
(1948), 150 Ohio St. 303, 345.
This court's review of the record indicates that the finding of the trial court that a contract was entered into between the two parties in this case was consistent with the vast majority of credible evidence introduced at trial. Indeed, it would be almost impossible for any reasonable person to analyze the record and conclude that there was not a contract entered into between the parties. Therefore, appellant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Garfield Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules Appellate Procedure.
 _________________________ MICHAEL J. CORRIGAN JUDGE
SPELLACY. J. CONCURS.
PORTER. A.J. DISSENTS WITH SEPARATE OPINION.
[1] R.C. 1901.19 was amended, effective July 1, 1997, and no longer includes the former section (A)(4). There is no similar provision currently in effect. Indeed, the current statute governing the subject matter jurisdiction of municipal courts does not seem to provide a clear answer to the question of when a municipal court has jurisdiction over a contract either entered into or performed within its territory. See R.C. 1901.18.
[2] Porter testified that he eventually obtained a default judgment against the appellant "in an amount of over $5,000 for his professional fees".
DISSENTING OPINION